Peter **LABAS**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–73314.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2007.*

Filed May 2, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter Labas, San Diego, CA, pro se.

District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Before: T.G. NELSON, SILER,** and HAWKINS, Circuit Judges.

## MEMORANDUM ***

Peter Labas, a citizen of Slovakia, petitions for review of the Board of Immigration Appeals' ("BIA") adoption and affirmance of the Immigration Judge's ("IJ") decision denying his claims for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. Because the IJ considered impermissible factors in denying the asylum and withholding of removal claims, we GRANT the petition in part and REMAND so that the IJ can reconsider in light of the correct legal standard. We DENY the petition on review of the decision denying Labas CAT relief.

### I.

Labas was kidnaped, beaten, and harassed by Slovak police on two occasions. Both encounters were because of his sexual orientation. He fled to the United Kingdom and Austria before briefly returning to Slovakia. He then traveled to Mexico. He never applied for asylum while in Austria, the United Kingdom, or Mexico, nor attempted to gain lawful entry into the United States. Instead, Labas obtained a fake passport and was intercepted by border agents while attempting to enter the United States illegally. He was charged with removability under 8 U.S.C. § 1182(a)(6)(C)(ii) and (a)(7)(A)(i)(I). During a hearing before the IJ, Labas conceded removability and

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

applied for asylum, 8 U.S.C. § 1101 et seq., withholding of removal, 8 U.S.C. § 1231 et seq., and CAT relief, codified at 8 C.F.R. § 208.16 et seq.

Though the IJ found Labas credible, he denied asylum relief because Labas never reported the beatings to Slovak authorities and therefore could not establish that the Slovak government condones or acquiesces in such activities. The IJ additionally noted he would deny asylum as a matter of discretion. The IJ also denied the withholding of removal claim, incorporating by reference the asylum analysis, and CAT relief because Labas could not demonstrate that it was more likely than not that he would be tortured if returned to Slovakia. The BIA affirmed the IJ's decision without comment.

## II.

■ Because the BIA adopted the IJ's decision as its own, we review the IJ's decision for substantial evidence, and its purely legal determinations de novo. *Baballah v. Ashcroft*, 367 F.3d 1067, 1073 (9th Cir.2004).

To prevail on a claim for asylum, Labas must show that he is a refugee. 8 U.S.C. § 1158(b)(1). The IJ denied Labas refugee status because he found Labas could not establish past persecution at the hands of the Slovak government. *See* 8 U.S.C. § 1101(a)(42)(A). The IJ did not dispute the police beatings on account of Labas's sexual orientation, but denied the claim because Labas never reported the incidents to Slovak authorities. This was error. *See Baballah*, 367 F.3d at 1078 (holding that there is no reporting requirement where the government is responsible for persecution). Labas was statutorily eligible for asylum.

■ The IJ also stated that even if Labas qualified as a refugee, he would deny asylum as a matter of discretion, 8 U.S.C.

§ 1158(b)(1). However, the IJ based his decision in part on improper considerations—Labas's attempted fraudulent entry into the United States and his voluntary return to Slovakia. In *Mamouzian v. Ashcroft*, 390 F.3d 1129 (9th Cir.2004), we held that it would be "anomalous" for an asylum seeker similarly situated to Labas to be rendered "ineligible for a favorable exercise of discretion" because she had used fraudulent documentation. *Id.* at 1138. Moreover, the IJ determined that Labas had established a subjective fear of returning to Slovakia for purposes of the "refugee" analysis. Therefore, the IJ is not permitted to discount this fear for purposes of the discretionary analysis. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1142 (9th Cir.2004) ("We now make it clear that if an applicant's testimony on an issue is accepted for purposes of determining whether he is statutorily eligible for asylum, the same testimony must also be accepted for purposes of determining whether he is entitled to asylum as a discretionary matter."). The appropriate relief is for the IJ to reconsider his discretionary analysis applying only the correct legal standard. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

The IJ also denied Labas's withholding of removal claim based on the denial of the asylum claim. For the reasons already discussed, the IJ should reconsider the withholding of removal claim applying the correct legal standard. *See id.* However, because Labas failed to put forth any evidence suggesting he would be tortured if returned to Slovakia, we uphold the IJ's decision denying CAT relief.

**GRANTED in part; REMANDED in part; and DENIED in part.**